**RHODES PHARMACAL CO., Inc., v. DOLCIN CORPORATION.**

United States District Court
S. D. New York.
June 2, 1950.

Pennie, Edmonds, Morton & Barrows, New York City, for plaintiff.

A. Abba Orlinger, New York City, for defendant.

IRVING R. KAUFMAN, District Judge.

Plaintiff has brought suit in two counts against the defendant; the first count is for a declaratory judgment as to infringement and the validity of defendant's patent No. 2,471,394; count II is for unfair competition. Defendant has moved to dismiss, and alternatively to strike certain portions from, both counts of the complaint, as amended.

The motions to dismiss can be considered together. The defendant alleges that a justiciable controversy does not exist in count I to warrant a suit under the Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202, and that count II fails to allege that notices and statements made by the defendant were untrue, and therefore that count is insufficient in law.

The plaintiff, a manufacturer of pharmaceutical products, sells a medicinal tablet known as "Imdrin" which contains aspirin and calcium succinate. On May 24, 1949, U. S. patent No. 2,471,394 was issued to the defendant. This patent is for a medicinal compound containing aspirin and a succinic material such as calcium succinate. Immediately· after the patent was issued, the defendant wrote plaintiff·and plaintiff's customers that it had received a patent with "broad generic" claims, that is, that its patent "covers products containing those two ingredients (aspirin and calcium suc-

cinate) in a wider range of proportions in which they are effective in that field." The letters to the trade stated that "the news of our patent enables you to know that not only one who makes or uses a product covered by our patent and without license from us, but also one who sells such product without license infringes our patent. Since we have given no licenses to others, this information enables you to be guided accordingly."

Defendant, it is alleged, also published and caused to be published articles in the trade journal threatening suit against infringers of its patent.

Plaintiff alleges, and it so appears to this Court, that the claims made by defendant in its letters as to the scope of its patent would constitute plaintiff an infringer by reason of its manufacture of "Imdrin". Plaintiff claims that the messages sent by the defendant to the trade were untrue allegations as to the scope of its patent and that plaintiff thereby lost business and was damaged, and that the threat of an infringement suit hangs heavy over the heads of plaintiff and its customers.

Defendant contends that because it has not formally made claim of infringement of its patent by plaintiff's product either to plaintiff or its customers, a justiciable controversy does not exist. In order to seek declaratory judgment relief as to the validity of a patent, the claim against plaintiff need not be formally asserted; furthermore, it is not necessary that notice be given directly to the plaintiff or that any threat be made to sue the plaintiff. Aralac, Inc., v. Hat Corp. of America, 3 Cir., 1948, 166 F.2d 286, 292. Notice in a trade journal is sufficient. Id. The test of a justiciable controversy is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Id.

It is evident that there is a substantial controversy here. Defendant has by insinuations and innuendo threatened

plaintiff and its customers with patent infringement suits; thereby the plaintiff, it is alleged, has lost and continues to lose business. The defendant apparently believes that it can avoid a court test of the validity of its patent, and the claim as to its scope made to the trade, by withholding formal claim of infringement. This is not the law. Even a person who is about to engage in conduct which a patentee has generally indicated would constitute an infringement may bring a declaratory judgment action before he is damaged. See Borchard, Declaratory Judgments, 2d Ed., p. 807. The case of Dewey & Almy Chemical Co. v. American Anode, 3 Cir., 1943, 137 F.2d 68, is almost on all fours with the present action; the only difference is that even less claim of infringement was made in that action. The Court in that case allowed the declaratory judgment action, refusing to allow the patentee to require the manufacturer to "either (1) abandon the use of the process, (2) accept a license on terms which it deems disadvantageous, or (3) persist in piling up potential damages against the day when it may fit...(the patentee's) purposes to bring an infringement suit against it." 137 F.2d at page 71.

It is clear that the motion to dismiss the first count of the complaint must be denied.

■ As to the motion to dismiss count II, that must also be denied. The count alleges the falsity of the statements in the letters and publications and that plaintiff thereby lost business—sufficient for an unfair competition cause of action.

The remaining motions by the defendant seek to strike out phrases and paragraphs in both counts of the complaint which defendant alleges are "equivocal and confusing" or "immaterial and irrelevant", or the "pleader's conclusions", or "nonpertinent, uncertain and indefinite", and so forth. I have read the complaint rather carefully and am of the opinion that it is rather well-framed.

The pleadings in the federal courts serve the purpose of mere notice-giving.

■ Rule 8(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., requires that a plaintiff make a "short and plain statement of the claim showing that the pleader is entitled to relief." While the complaint in this action is somewhat long, this appears to have been due to the complexity of the claim rather than any verbosity on the part of plaintiff's counsel. Defendant's objections to portions of the complaint are rather picayune. For example, it is claimed that plaintiff has pleaded its conclusions as to the meaning of defendant's letters sent to plaintiff and the trade, and that the letters "speak for themselves". It would seem that defendant would have the plaintiff merely clip the letters together and submit them as a complaint, and have the Court read through them seeking possible causes of action. True, plaintiff has pleaded its interpretation of these letters; its cause of action is based on its *interpretation*. According to defendant's interpretation of the same letters and publications, the plaintiff would have no cause of action. The proper interpretation will ultimately be given by the trial court after reading the letters and hearing testimony concerning all of the surrounding circumstances.

■ The only objection that the Court should consider is defendant's objection to paragraphs 9, 11, 12 and 13 of count I of the complaint, which, defendant claims, refer to an action on a Canadian patent and which is immaterial to this action. Defendant is mistaken as to paragraphs 11, 12 and 13 as these refer to this action and are proper and do not pertain to the Canadian action. Paragraph 9, which refers to the Canadian suit, is relevant on the issue as to the existence of a justiciable controversy. Defendant apparently published to the plaintiff and the trade that it had patent rights corresponding to patent No. 2,471,394 in foreign countries. Thereafter the Canadian subsidiary of the defendant brought suit against the Canadian subsidiary of the plaintiff on the ground that "Imdrin" was infringing its Canadian patent. This evidences defendant's intentions and attitude towards plaintiff and its product, and, together with the effect the Canadian suit has had on the trade in this country, indicates

that a substantial controversy exists between the parties. Paragraph 9 is relevant on the issue of a justiciable controversy only.

Accordingly, defendant's motions to dismiss and to strike are denied in their entirety.