**HENRY L. CROWLEY & CO., Inc. v. PHILIPS LABORATORIES, Inc. et al.**

United States District Court,
S. D. New York.
May 16, 1952.

---

IRVING R. KAUFMAN, District Judge.

Defendant Philips moves to dismiss the complaint or in the alternative to enjoin prosecution of this action until after final judgment is rendered in a companion suit in this court, Civil Action No. 66–168, between the same parties.

Plaintiff seeks a declaratory judgment under 28 U.S.C.A. §§ 2201, 2202, of non-infringement and invalidity of six patents held by defendant as equitable owner and exclusive licensee. Defendant asserts that no justiciable issue exists. I disagree for reasons I shall presently state.

The complaint alleges that defendant had asserted it would commence an action against plaintiff unless plaintiff entered into a certain license agreement with it. The agreement lists and identifies as its subject four of the six patents as patents and two applications for patents which, subsequent to defendant's declaration of intention to begin suit, issued as the last two of the six patents. The license agreement referred to listed seven other applications for patents. The complaint also alleges that defendant notified plaintiff that unless plaintiff accepted the license proffered by the license agreement, suit would be brought.

Reading the complaint together with the proposed license agreement and the letter of April 25, 1951, I am led to the conclusion that the letter constituted an offer of a license to a package of patents and future patents upon specified applications then pending, and, in addition, it posed a threat to sue plaintiff for infringement unless it accepted a comprehensive license agreement embracing the patents and applications.

Plaintiff's position for purposes of this motion is not weakened by the fact that two of the patents in issue—No. 2,551,711 and 2,579,978 were pending applications at the time the letter of April 25th was received. The significant fact is that the applications blossomed into patents before the instant suit was instituted. As applications they were a part of the controversy as indicated by the letter of April 25th. It offered plaintiff the agreement which would license the existing patents and future patents arising out of the applications for pat-

Pennie, Edmonds, Morton, Barrows & Taylor, New York City (Willis H. Taylor, Jr., J. Philip Anderegg, and Thomas F. Reddy, Jr., all of New York City, of counsel), for plaintiff.

Paul Kolisch, New York City (Arthur G. Connolly, Wilmington, Del., of counsel), for defendant, Philips Laboratories, Inc.

ents already referred to. Litigation was the alternative to a refusal of the offer. The controversy as to those applications was real and substantial at the time of the writing of the letter of April 25th, and there was at least a threat of potential infringement. It became justiciable by the issuance of the patents upon those applications on May 8, 1951 and December 25, 1951.

"The test of a justiciable controversy is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

Rhodes Pharmacal Co. v. Dolcin Corporation, D.C.S.D.N.Y.1950, 91 F.Supp. 87, 88. See also Treemond Co. v. Schering, 3 Cir., 1941, 122 F.2d 702 and Bliss Co. v. Cold Metal, 6 Cir., 1939, 102 F.2d 105. Borchard, Declaratory Judgments, 2d Ed., p. 807.

■ Nor does the fact that a patentee learns for the first time that plaintiff is utilizing its patents when complaint is filed negative the existence of an actual controversy if indeed patentee asserted publicly that use of its patents constituted an infringement. Dewey & Almy Chemical Co. v. American Anode, 3 Cir., 1943, 137 F.2d 68, certiorari denied 1943, 320 U.S. 761, 64 S.Ct. 70, 88 L.Ed. 454. The court so aptly stated the principle of law in Newell v. O. A. Newton & Sons Co., D.C.D.Del.1950, 95 F.Supp. 355 at page 359:

"The 'in terrorem' quality of the charges made just before the issuance of the patent would seem in such a case to be as obvious as in the case of charges made after the issuance of the patent, and the need of the procedural remedy afforded by a declaratory judgment action would be as great."

Federal Telephone & Radio Corporation v. Associated Telephone and Telegraph Company, 3 Cir., 1948, 169 F.2d 1012, cer-

tiorari denied, 1948, 335 U.S. 859, 69 S.Ct. 133, 93 L.Ed. 406, heavily relied on by defendant, is clearly distinguishable, for in that case the action of the defendant did not amount to an assertion that the plaintiff had to be licensed under all 1600 patents in order to escape suit. In the case before me, the action of defendant amounted to an assertion that plaintiff had to be licensed in a package transaction including the four patents already issued and future patents resulting from the applications specified in the license agreement referred to in the letter of April 25th. The two applications, issued as patents prior to the action, became justiciable together with the four patents already issued.

A fair construction of the letter of April 25th, annexed to the complaint, is that it expresses an intention to sue plaintiff under the patents already issued and under patents issuing on the applications listed in the agreement in the event the agreement were not executed by plaintiff.

This leaves for disposition the alternative motion to enjoin the prosecution of this action because of the pendency of the earlier action No. 66–186.

The instant action embraces two patents not included in the earlier action.

■ Multiplicity of trials would be encouraged if the stay were granted for plaintiff would first proceed in Action No. 66–186 covering the four patents and upon the completion thereof it would be required to proceed to trial in the instant action which includes the two additional patents. There is an easy solution to the problem posed. Plaintiff states that it is prepared to consent to a consolidation of the two actions for trial after issue is joined in the instant action. Upon such consent being given in the instant action, I conclude that the motion to dismiss the complaint, or, in the alternative, to enjoin the prosecution of this action, should be denied.

Settle order.