RESEARCH ELECTRONICS & DEVICES CO., Inc., and Taller & Cooper, Inc., Plaintiffs,

v.

NEPTUNE METER COMPANY and Electronic Signal Co., Inc., Defendants.

United States District Court
S. D. New York.
Nov. 14, 1957.

Judah B. Felshin, New York City, for plaintiff Taller & Cooper, Inc.

John B. Cuningham, New York City, Davis, Hoxie & Faithfull, New York City, Irving G. Idler, New York City, Ferguson, Idler & Hayes, New York City, of counsel for defendants.

IRVING R. KAUFMAN, District Judge.

Plaintiffs filed suit against Neptune Meter Company and its subsidiary alleging infringement of three of their patents relating to highway toll checking and collecting equipment. Defendants' answer to the complaint traverses most of the material allegations therein and sets up among other things a counterclaim under 28 U.S.C. § 2201 for a declaratory judgment decreeing non-infringement. A declaratory judgment is sought not only as to the three patented devices alleged in the complaint, but also as to all other devices now owned by plaintiffs. By this motion plaintiffs seek to strike those portions of the first counterclaim which refer to patents not specified in the complaint.

The broad scope of the relief requested by defendants is predicated on an alleged omnibus charge of infringement contained in a letter dated March 26, 1957, from J. B. Felshin,. attorney for Taller & Cooper, Inc., one of the plaintiffs in this action, to Neptune. In that letter Mr. Felshin, after advising Neptune of the alleged infringement, by itself or its subsidiary, of the three patents referred to in the complaint added:

"In addition, there are a number of other patents and pending patent applications under the control of my client which may be infringed by equipment made or about to be made by you or your above mentioned subsidiary.

"This is to advise you that my client intends to firmly protect its patent rights against any and all infringements, and in their behalf I must request you to desist from further infringement on their patent rights and to account for past infringement."

It is plaintiffs' contention that as to the "other patents and pending applications" there is no justiciable controversy and that therefore a present adjudication as to these patents would be premature and not sanctioned by 28 U.S.C. § 2201. See Aetna Life Insurance Co. of Hartford, Conn. v. Haworth, 1937, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617. The issue thus defined is whether the language in the letter of March 26 is specific and definite enough so that it can be considered a threat sufficient to provoke a justiciable controversy.

The law is sufficiently clear that the mere act of calling a competitor's attention to his alleged infringement of a specific patent does not by itself call into contest the infringement of other patents, and as to these other patents no justiciable controversy exists. Chicago Pneumatic Tool Co. v. Hughes Tool Co., D.Del.1945, 61 F.Supp. 767, affirmed 3 Cir., 156 F.2d 981, certiorari denied 1946, 329 U.S. 781, 67 S.Ct. 204, 91 L.Ed. 670; Meinecke v. Eagle Druggists Supply Co., D.C.S.D.N.Y.1937, 19 F.Supp. 523. Defendants would have me distinguish the present case from the above authority on the basis of the remark contained in the Felshin letter referring to the possible infringement of other patents. However, as I read the entire letter I am led inexorably to the conclusion that its real purpose was to inform the defendants of their alleged infringement of the three specific patents noted in the complaint. No charge is made of actual infringement as to the other patents. Instead, the statement alluding to the other patents is most tenuous and merely notes that other patents *may* be infringed. If this letter was intended as an omnibus charge of infringing all of plaintiffs' patents it would have been a. simple matter to so state. Moreover, the reference to the three specific patents would be redundant and superfluous if it had been the intention to charge an infringement of all patents. If we are to give meaning and effect to all the portions of the letter we must construe the reference to "other patents" as nothing more than an attempt to place the defendants on notice that some time in the future upon plaintiffs' further examination a subsequent charge may be lodged as to these patents. Cf. Chicago Pneumatic Tool Co. v. Hughes Tool Co., supra, 61 F.Supp. at page 772. Such notice does not evidence

486

a present and existing controversy. For the court to take jurisdiction in the instant case would mean that it might find itself passing upon moot and academic questions.

The motion to strike those portions of the first counterclaim which refer to patents other than patents 2,621,101; 2,622,138 and 2,672,393 will accordingly be granted. Settle order.