**TELEPHONICS CORPORATION and Fabrionics Corporation, Plaintiffs,**

**v.**

**LINDLY & COMPANY, Inc., Defendant. Civ. A. No. 20136.**

United States District Court
E. D. New York.

Aug. 16, 1960.

On Motion For Reargument
Sept. 7, 1960.

On Motion To Add Parties Plaintiff
And For Stay Jan. 10, 1961.

Brumbaugh, Free, Graves, & Donohue, New York City (Walter H. Free, George W. Whitney and Richard A. Lochner, New York City, of counsel), for plaintiffs.

Robert E. Burns, New York City (Allan Zelnick, New York City, of counsel), for defendant.

BYERS, District Judge.

This is a defendant's motion to dismiss a complaint in whole or in part, in an action in which plaintiffs seek a declaratory judgment respecting infringement and validity of two patents owned by defendant; and that plaintiffs have not used any secret or proprietary information pertaining to defendant in the manufacture or sale of machinery and apparatus designed for use by the textile industry and which is in competition with defendant's patented devices.

The complaint was filed October 1, 1959, and an amended complaint on October 6, 1959. By a consent order of January 8, 1960 the action was stayed. Pursuant to plaintiffs' later motion and by order of July 5, 1960, the stay was vacated, and the defendant was given twenty days in which to answer or otherwise move. This motion was made pursuant to notice dated July 20, 1960.

The gist of defendant's argument is:

(a) There has been no assertion by it, and none is now made, that plaintiffs have infringed patent No. 2,878,395, and hence there is no existing controversy as to that.

(b) The court lacks jurisdiction over the alleged betrayal of trade secrets and proprietary property because (1) there is no diversity, and (2) the issues are pending in a prior suit between the parties brought in the New York Supreme Court, Nassau County, which has not come to trial. (Probably it cannot for about five years.)

(c) The issue of infringement as to defendant's patent No. 2,907,535 is presented in an action filed October 6, 1959 in the United States District Court for the Eastern District of North Carolina in which this defendant is plaintiff, and these plaintiffs and their local sales agent Inderfurth are defendants, whereby this court is required to stay this action.

### Background

The controversies between the corporate parties have their origin in the severance of relationship late in 1957, between Vincent E. Lynch and the defendant company, and his association with plaintiff Telephonics and its selling subsidiary Fabrionics. Lynch had been a vice-president, director and stockholder in the defendant company, and having joined himself to a competitor in the manufacture and sale of textile machinery and apparatus, and having apparently sought to extend the business of the latter in the territory in which he had previously been active as a salesman on defendant's behalf, he seems to have created the condition that has given rise to the pending disputes between Telephonics and Lindly.

It is apparent that a decision of this motion can have no bearing upon the merits of the controversy. It should be said however that a careful examination of the sundry affidavits and supporting data, convinces this court that the sooner these parties come to grips with their mutual grievances, the better for both of them. While most if not all litigation is entered into in the hope of financial reward, it is also true that it is at best a questionable substitute for conventional advertising; the courts have an interest in confining to apparent necessities, the number and scope of law-suits so far as justice permits as between contending litigants.

### The patents involved

The first is No. 2,878,395, granted Mar. 17, 1959, app. filed July 16, 1956. This covers a photo-electric system that

includes a light control circuit which actuates a device called a yarn inspector. It is called the yarn inspector patent.

The pending question is whether the defendant has asserted in substance or effect that plaintiffs have manufactured and sold a device or apparatus which infringes this patent. That subject will be discussed.

The second patent is No. 2,907,535, granted Oct. 6, 1959, app. filed Jan. 2, 1958, for a yarn tensioning device.

It seems that yarn as it comes from spools is run between discs which are pressed together to effect tension, which action according to this patent, is applied and controlled by electromagnetic force. Thus the patent is entirely unrelated to the first in function and construction.

There is no question that defendant charges plaintiffs with making and selling an infringing device. The defendant urges that in view of the cause which it filed in North Carolina, this case should not proceed until that one has been adjudicated. The subject will be discussed.

*The matter of Lynch's alleged betrayal to plaintiffs of defendant's secret and confidential information concerning the subject matter of these patents, and otherwise.*

The questions touching this branch of the controversy will be discussed.

### Questions

1. Is there a justiciable controversy between the parties as to the first patent?

This means, has the defendant charged the plaintiffs with infringement?

The answer cannot be unequivocal in the sense that the motion papers afford conclusive information on the subject. Clearly there is a difference between asserting on the one hand that a given structure is in close imitation of another, and on the other hand that the second structure infringes a patent covering the first. The defendant asserts that it has strictly adhered to the first course, and meticulously avoided the second. If

that be true so far as the motion papers disclose, does it follow that the plaintiff should be precluded from offering testimony by witnesses not thus far examined in the state cause, to the contrary? It seems obvious that a negative answer is required. No deposition testimony has been taken in this cause, and the effect of granting defendant's motion would be to preclude such, not to mention whatever testimony may be available at a trial.

For present purposes it is to be observed that the defendant's newspaper release of Sept. 8, 1958, describing the charges made in its State Court action contains the following:

"Plaintiff seeks damages charging that, among other things, the defendants have engaged in unfair competition by copying and reproducing Lindly Corp.'s yarn defect monitor equipments, such as its yarn inspector, electromagnetic yarn tension device and spun yarn inspector *on which patents are pending.*" (Italics supplied.) On that date the yard inspector patent had been granted; The statement that these plaintiffs had copied and reproduced the yarn inspector device was essentially a charge of infringement, and would be so understood by those to whom it was thus publicly addressed.

In this connection see: Dewey & Almy Chemical Co. v. American Anode Inc., 3 Cir., 137 F.2d 68; Rhodes Pharmacal Co. v. Dolcin, etc., D.C., 91 F.Supp. 87; Crowley & Co. v. Philips, D.C., 104 F. Supp. 840.

It is now stated for the motion, that there is no present assertion of such infringement, but that will not suffice as a reason for granting this motion. If the defendant be so advised, it can admit in its answer that the plaintiffs' yarn inspector apparatus does not infringe patent No. 2,878,395. That possibility is not legally taken care of by the affidavits submitted in behalf of the motion.

The defendant argues that there has not been shown thus far a clear or future threat to sue for patent infringement.

It is probably a nice question of construction as to how far a patentee may go in skirting close to a threat of suing for infringement, in order to defeat an action for declaratory judgment on the subject, but that question can only be resolved in the light of all the testimony that can be developed at a trial. If these plaintiffs are unable to sustain their burden of proof, so much the worse for them, but nothing in the showing made thus far should deprive them of their day in court on the issue.

Research Electronics & Devices Co. v. Neptune, 2 Cir., 264 F.2d 246, cited by defendant, had to do with the exclusion from such a cause as this, of patents only pending but not issued, as to which the assertion of infringement was not found to be present.

█ The defendant has not demonstrated as a matter of law, that there is no justiciable controversy between these parties as to an assertion by defendant of infringement by plaintiffs of the defendant's said patent.

2. As to patent No. 2,907,535, is this court required to stay this case until the cause instituted on October 6, 1959 by the defendant in the Eastern District of North Carolina shall have been adjudicated?

The short answer is in the negative, for two reasons:

(a) This cause was started by the filing of this complaint on Oct. 1, 1959, and while the patent infringement paragraphs 7 to 10 inclusive do not refer specifically to the second patent, which had not then been granted, paragraph 11, which refers to defendant's assertion that Lynch had acquired certain secret and confidential information, alleges that it included:

"(a) The circuitry, construction and operation of Defendant's equipment including * * * yarn tensioning devices and recorders;

"(b) Experimental and test work performed by Defendant with respect to such equipment;

"(c) Defendant's production techniques and technical know-how;

   *     *     *     *     *     *

"(f) Patent applications filed by Defendant; * * *."

█ The foregoing laid a sufficient foundation as a pleading, to justify the amended complaint which was filed Oct. 6, 1959 to include the second patent, as an essential part of the subject matter of the justiciable controversy between the parties, and so to relate it back to Oct. 1, 1959 within Fed.Rules Civ.Proc. rule 15(c), 28 U.S.C.

(b) If there were any disposition to split up Oct. 6, 1959 into a matter of hours, in deference to the requirements of justice, it would not prevail in this instance, for the reason that Lindly and its counsel knew on Oct. 2, 1959 of the pendency of this cause, and of its availability as a medium of adjudication in which all controversies could be resolved; preferring however to litigate the patent infringement issue as to the tensioning device in a jurisdiction in which neither party was a resident or had a regular established place of business, it started its own cause as has been related. The latter is not deemed to have been initiated prior to this cause, and hence no stay is seen to be called for. As to the need for importing Inderfurth into the case, it is at best a fortuitous element, which can be easily met by the latter's appearance and submission to jurisdiction in this case.

█ 3. Is the unfair competition, or misappropriation as alleged, of defendant's property via the medium of Lynch, within the contemplation of Tit. 28 U.S. Code, Section 1338(b)?

That provision confers original jurisdiction on the District Courts of "any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the * * * patent * * * laws."

The asserted claims of infringement above discussed are clearly "substantial."

That they are joined with the issue of validity of the patents seems to follow

from the very nature of that issue: the constituency of the art which underlay each, would of course depend upon what was in the public domain when each patent was granted.

If it be assumed for the sake of argument, that Lynch disclosed something to plaintiffs at the time when their devices and apparatus were in the process of design, it would be of the first importance to know whether that disclosure or those disclosures pertained to matters then in the public domain, of which plaintiffs had no actual knowledge. Thus it is obvious that the fact of disclosure, if there was such, is so interwoven in the question of validity, that it is appropriately joined in the claims advanced by plaintiffs as the basis for the declaratory judgment which they seek.

This view is consistent with the following: Moore's Fed.Prac., 6th Vol. (1948 ed.) par. 57.20 and 57.23; Landstrom v. Thorpe, 8 Cir., 189 F.2d 46; Edelman v. Triple A, 7 Cir., 88 F.2d 852, certiorari denied 300 U.S. 680, 57 S.Ct. 673, 81 L.Ed. 884; Kobre v. Photoral etc., D.C., 100 F.Supp. 56.

The action pending in the New York State Supreme Court comprehends many alleged causes of action, tortious in nature, including the Seventh (paragraphs 69 to 117 inclusive). The gist of these allegations is that Lynch and Inderfurth conspired to deprive Lindly of the benefit of its technical and commercial achievements including patent applications, and circuit designs, and enabled plaintiffs to copy from such designs; and otherwise to acquire and act upon confidential information of Lindly, to its financial loss, etc.

The other causes as pleaded, are for libel, slander, breach of contract, etc., and they are of course legally separate and apart from the said Seventh cause.

It is not apparent to this Court that the inclusion of that subject matter in the State Court action, should operate to defer the adjudication of the issues here, to a trial that seems to be five years or so away, while our own non-jury calendar is so nearly current that a trial can be had within the next six months.

As has been seen, the patent issues and the alleged contribution that Lynch is said to have made to the plaintiffs' apparatus are so closely related, that adjudication thereof can be satisfactorily had only in this action.

■ Mere priority of institution of law suits is not the conclusive test. See: Kerotest Manufacturing Co. v. C-O-Two etc., 189 F.2d 31, affirmed 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200, and Telechron Inc. v. Parissi, 2 Cir., 197 F.2d 757, at page 762.

It results that defendant's motion to dismiss is denied in all respects, without prejudice to renewal at the trial, as defendant may be advised.

Settle order.

### On Motion for Reargument

In behalf of its motion to reargue the matters disposed of in the opinion of this Court dated August 16, 1960, the defendant correctly points out two errors of fact in that decision:

The first occurs on page 410, at the end of the first complete paragraph, and starts with these words: "No deposition testimony" etc. That entire sentence is deleted, because further examination of the motion papers discloses that some deposition testimony has been taken in this case.

The second is on page 410, where the following occurs: "On that date the yarn inspector patent had been granted;" that statement was incorrect and is hereby withdrawn and the sentence deleted. The paragraph will now begin: "The statement that these plaintiffs had copied" etc.

In that connection it should be observed that the distinction between this case and Research Electronics & Devices Co. v. Neptune, 2 Cir., 264 F.2d 246, may be thus stated:

This Court is unwilling to hold as a matter of law that these plaintiffs cannot prove the allegations of their complaint concerning assertions by defendant, its

agents, employees, etc. of the infringement of the yarn inspector patent.

Motion for reargument is denied. Settle order on or before September 12, 1960.

#### On Motion To Add Parties Plaintiff and For Stay

This is a plaintiff's motion to add parties plaintiff and to enjoin later actions in other districts. The case was the subject of a decision on a motion to dismiss, which was discussed in an opinion dated August 16, 1960 as amended on September 7, 1960.

That decision was the subject of an application for mandamus or a writ of prohibition, which was denied by the Court of Appeals, and the defendant was ordered to file its answer.

It is not proposed to repeat what has already been written concerning the nature of the cause and the issues, except to the extent that the matters alleged in the answer may have altered the prior aspect of the case.

The following dates should be borne in mind:

| | | |
|---|---|---|
| August, | 1958 | The defendant brought suit in the Supreme Court of the State of New York, against plaintiff Telephonics and one Lynch and Inderfurth, alleging misappropriation of trade secrets, libel, inducing breach of contract, unfair competition and other torts. 19 Misc.2d 518, 196 N.Y.S.2d 143. |
| October | 1, 1959 | Filing of complaint in this action. |
| October | 6, 1959 | Filing of amended complaint. |
| October | 14, 1960 | Answer filed. |
| October | 6, 1959 | Action started by this defendant against these plaintiffs and Inderfurth, alleging infringement of the defendant's patent No. 2,907,535 (hereinafter to be called "'535") in the Eastern District of North Carolina. Lindly & Co., Inc., v. Karl H. Inderfurth Co., D.C., 190 F.Supp. 875. |
| May | 20, 1960 | The defendant brought action against Glen Raven (a customer of plaintiffs') alleging infringement of the same patent, in the Middle District of North Carolina. |

---

Attached to the present notice of motion are:

Affidavit, verified November 10, 1960, of Karl H. Inderfurth, a resident of North Carolina and president of the Karl H. Inderfurth Company, submitting his corporation to the jurisdiction of this Court in this case.

Affidavit, verified November 15, 1960, of Vincent E. Lynch, submitting himself to the jurisdiction of this Court in this case.

Communication under the seal of Glen Raven Knitting Mills, dated November 7, 1960, signed by its president, whereby that corporation "hereby consents to be joined as a party-plaintiff in the pending action Telephonics & Fabrionics v. Lindly in the Eastern District of New York, since that action involves the same issue as in the Middle District of North Carolina."

Since this defendant has brought suit as above stated against the above named

corporations and individuals who seek to be added as plaintiffs, and since it appears that some issue or issues in this case are the same as those pending in North Carolina, it is not apparent that the defendant actively opposes this aspect of the motion, and it is therefore granted.

The defendant's opposition is directed to the application for a stay of the actions pending in the United States Courts in the Eastern and Middle Districts of North Carolina, and the grounds of the opposition are understood to be:

I. This Court's ruling that the amended complaint properly raised issues as to the validity of the '535 patent, in effect extended the life of that patent by the number of days that elapsed between the filing of the original complaint and the date of the issuance of the patent, namely, five.

■ Since the duration of a patent is established by statute and not by the action of a court in ruling on a question of pleading, this argument is rejected.

II. The inclusion in the declaratory judgment action of patent No. 2,878,395 (to be called " '395") as well as the '535 patent was an imposition on the Court, since there is no issue of infringement as to the former.

When the Court was dealing with the complaint only, it discussed this subject, and it is not proposed to repeat what was then written; suffice it to say, that the question of alleged unfair competition necessarily involves the '395 patent, and this branch of the argument is found to be merely repetitious and therefore without weight.

III. This Court may not stay the proceedings pending in the two federal courts in North Carolina because this motion in effect is one to transfer those cases to this Court and that relief is assumed to have been denied in one or both of the Courts in North Carolina.

The failure of this argument lies in the fact that this Court could not transfer those cases if it wanted to; the granting of a stay is by no means the same thing as transferring for trial. It would not be the first time that patents were differently adjudicated in different federal courts, depending on various matters not pertinent to the present discussion. Therefore, even if the stay be granted pending the final judgment in this case, it does not follow that upon the expiration of the stay, those courts may not move forward to adjudicate the issues before them in such manner as they deem to be proper and appropriate.*

This means that the rule of *res judicata* urged by the defendant does not apply.

IV. "The motion must be denied because it represents the culmination of plaintiffs' forum shopping activities."

It is difficult to understand the basis for the foregoing. The plaintiffs, Telephonics and Fabrionics, and the defendant Lindly, are New York corporations having their respective principal offices in this district, and therefore litigation between them involving the validity of one or both patents and the interwoven issues of unfair competition, are entirely appropriate for litigation in this Court. To accuse the plaintiffs of forum shopping under these circumstances, is to indulge in a specious contention.

If the subject of forum shopping invites discussion, it would seem that it is to the defendant to which that practice may be attributed, because:

(A) This case was pending when the action in the Eastern District of North Carolina was started.

(B) The alleged infringement was committed in the making and selling of the Telephonic device at its principal office in this district.

(C) This cause embraces the patent issues and the interrelated and highly important questions of alleged unfair competition.

(D) As to the earlier patent, '395, it has been heretofore explained that the

---

* See Lindly & Co. v. Karl H. Inderfurth Co., D.C., 190 F.Supp. 875 (Jan. 18, 1961). Motion granted to dismiss for improper venue.

defendant's publicity quoted in part in the opinion of August 16, 1960, respecting the unfair competition attributed by defendant to the plaintiffs, contained obvious references to this particular patent.

The answer seems to concede (Para. 16) that the plaintiffs do not infringe this patent. As has been said, the answer was not before the Court on the motion to dismiss; however, the issue as to the alleged unfair competition on the part of the plaintiffs is not removed from the case by the filing of the said answer. Whether the trade secret aspect of the controversy is eliminated by the contents of Exhibit 2 attached to the opposing affidavit filed December 21, 1960, is by no means clear (see Items 5, 7, 8, 9, 12 and 13).

As to the '535 patent, the effort to secure an adjudication as to validity and infringement in this Court, was a natural and probable course to pursue in view of the presence in this district of the principal offices of Telephonics, Fabrionics and Lindly.

(E) That jurisdiction in this Court is uncertain. The reason assigned for this contention is that the original decision rendered before the answer was filed, reserved the right to defendant to move to dismiss at the trial. How that could be tortured into a suggestion that this Court was in doubt as to its own jurisdiction, eludes my understanding. The reservation is a conventional one to preserve to an objecting party for consideration by the trial judge, all of his or its legal rights, whatever they may or may not be.

To set the matter at rest, if it is not already clear, there is no doubt in the mind of the writer that this Court has full and complete jurisdiction over all parties to this controversy, to adjudicate all issues raised by the pleadings.

(F) The Glen Raven customer suit can be more speedily brought to trial than this, because the only issue concerns the '535 patent. So much is accepted, in the absence of an opportunity to inspect the pleadings in that action.

That, however, is not the only issue between the parties. The charges of plaintiffs' alleged unfair competition, amounting to flagrant commercial depredation, are so serious as to call for a prompt and searching trial. If those charges, as broadcast by the Lindly Company, are true and can be sustained by evidence, the sooner that is demonstrated the better for Lindly; if they are untrue and cannot be so established, it is but simple justice to these plaintiffs that an appropriate adjudication to that effect be accomplished without delay.

The attempt to isolate the patent controversy by the Glen Raven litigation, and to thus short circuit the broad issues tendered in this litigation, is consistent with a forum shopping technique which is as obvious as though it were openly avowed.

In this connection, the defendant's demand for a jury trial of all the issues in the case, attached to its answer, has its place in the understanding of the defendant's strategy. The four counterclaims assert:

(1) Infringement of the '535 patent in connection with which damages in the sum of $300,000 are demanded, to be trebled, etc.

It does not appear in either infringement action instituted in North Carolina, that a jury trial is demanded of those patent issues.

(2) Violation of the Sherman Act, 15 U.S.C.A. § 1 et seq.; this asserts the matters heretofore discussed concerning Lynch and Inderfurth, and that Lynch did combine and conspire with Telephonics, J. Frank Stengel, Jr., and George Stengel (officers and directors of Telephonics) and thereafter with Fabrionics and Inderfurth,

> "to restrain trade and commerce in such equipment and to force defendant from said business and to attempt to monopolize trade and commerce in said equipment by so forcing defendant from business."

Thirteen overt acts are alleged, the eleventh of which includes the allegation that they did

"engage in a price discriminatory basing point system for charging and allocating freight costs to customers,"

all to the injury of this defendant.

(3) Charges similar acts of misconduct for the purpose of destroying defendant's business to its damage in the sum of $3,000,000.

(4) This refers to the Supreme Court action discussed in the earlier opinion of this Court, and that the plaintiffs

"with wrongful and malicious intent, commenced this action by filing the original complaint on October 1, 1959 alleging the existence of assertions of infringement thereof ('395) when they knew none had been made and when, in fact, they never believed that infringement had occurred or been charged."

In this connection, the demand for damages is in the sum of $100,000

"for the injury to the defendant's business occasioned by the diversion of manpower, neglect of business and harm to defendant's reputation necessitated by and resulting from the wrongful institution of this action and the assertions set forth above,"

plus punitive damages in the sum of $500,000.

■ Of course the defendant has the legal right to demand a jury trial, but since it did not do so, after having been advised by this Court's earlier opinion that the case could be tried on our non-jury calendar within six months following September, 1960, until the filing of an answer became compulsory, the natural effect of shifting the case from the non-jury to the jury calendar was necessarily calculated when the answer was prepared and filed. If the case takes its usual course on the jury calendar, it may not be reached for about two years unless a preference be granted pursuant to motion. Whether the circumstances here present would justify the granting of such a motion in fairness to other litigants, will be for the judge to whom such motion is addressed to take under advisement.

Since the defendant could have "come to grips" with the plaintiffs as heretofore recommended, by keeping the cause on the non-jury calendar, its present argument that the Glen Raven cause was instituted solely in the interests of expedition is less than convincing.

■ V. Separate trials of the pending cause will be required. Rule 42(b) covers this subject and provides that the Court may so order "in furtherance of convenience or to avoid prejudice."

Naturally a ruling upon such an application as may be made under the above rule, cannot be anticipated in this decision, but the reasons advanced by the defendant require comment, namely,

The patents are separate and distinct and infringement, if shown, would involve different items of damage. Since the defendant concedes that there is no issue of infringement as to the '395 patent, the alleged "totally different items of damage" is obviously unimportant.

It is further urged in the language of the brief (page 34) the " '535 tensioner patent is an installation patent." This assertion is not understood in view of the patent itself which was before the Court on the motion to dismiss. It is entitled, "Yarn Tensioning Device" and five claims are stated and the elements are common to each of the claims, namely,

(a) a central post,

(b) an annular electro-magnet coaxial with said post (the structure of the magnet being described),

(c) a pair of centrally apertured friction disks surrounding said posts (with a description),

(d) means for guiding a traveling yarn to run between and be engaged by said disks,

(e) means for supplying electric current to said winding to energize said electro magnet, and

(f) variable means for regulating the flow of current through said winding to increase and decrease said current and thereby adjust the amount of tension applied to said yarn.

In other words, the terminology "installation patent" is misleading in view of the form of the claims which are for a product as forecast in the specifications.

So far as the anti-trust issues are concerned, consideration thereof will necessarily depend upon the evidence introduced in connection with the alleged unfair competition attributed by the defendant to the plaintiffs in the various aspects set forth in the counterclaims, and it would seem that while this issue will have to be considered separately, it should be as part of a trial of all the issues, rather than a thing apart.

Whether a severance is appropriate because of the pendency of the action against the customer Glen Raven can be conveniently determined in a motion addressed to that subject.

VI. *Forum non conveniens.* It is urged that these plaintiffs maintain a regular and established place of business in North Carolina and are infringing there. Whether that statement is true in the legal sense cannot be determined on the papers before the Court. The cases which treat of the assertion that a given alleged infringer is actually maintaining a regular and established place of business in the solicitation of orders where the infringement is said to have occurred, require a complete showing of all relevant facts, and it is not a matter for decision by this Court in the disposition of this motion.

The defendant seems to argue that it is only in the District of North Carolina that witnesses can be summoned who are familiar with the nature and construction of the competing devices made by these parties, and whether infringement by these plaintiffs of the defendant's '535

patent can be demonstrated. There is no showing that textile machinery is operated only in that part of the United States; nor that only persons identified with that geographical area are competent witnesses on the subject. The flat statement is made (Defendant's brief, p. 49):

"It is submitted that if defendant is to be given a fair opportunity to litigate the issue of the '535 tensioner patent it must be litigated in North Carolina."

The argument in support of that contention has been carefully considered, and seems to come down to the following:

"Examination of a complete installation while in use is required. Glen Raven may infringe particular claims of the patent in its use of the equipment even though Telephonics does not infringe by its manufacture. * * * It is therefore important for the trial to be in a textile area where complete installations are in use and where witnesses within the subpoena power of the Court can be called to establish infringement and also establish the problems in yarn tensioning that existed prior to the present invention and the solution of these problems by the invention."

In the absence of a clear indication that the only installation which is subject to inspection by witnesses representing both parties is to be found in the State of North Carolina, the foregoing argument cannot be deemed to be controlling since it is common knowledge that the textile areas of the United States are not confined to the State of North Carolina.

The following cases have been consulted and have been found to be helpful in the decision here reached: Kerotest Manufacturing Co. v. C-O-Two etc., 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200; International Nickel Co., Inc. v. Martin J. Barry, 4 Cir., 204 F.2d 583; Boots Aircraft Nut Corp. v. Kaynar etc., D.C., 188 F.Supp. 126; Ostow & Jacobs Inc. v.

Morgan-Jones, Inc., etc., D.C., 181 F. Supp. 208; Squeez-A-Purse Corp. v. Stiller, D.C., 149 F.Supp. 60; Helene Curtis Industries v. Sales Affiliates, D.C., 105 F.Supp. 886, at page 902. Hoffman v. Blaski, 363 U.S. 335, 80 S. Ct. 1084, 4 L.Ed.2d 1254, cited by defendant, is not seen to apply to the matters involved in this motion.

The cases of Yale & Towne Manufacturing Co. v. Manning, etc., D.C., 91 F. Supp. 106 and Wallace Products Inc. v. Falco Products Inc., 193 F.Supp. 520, have been examined, and are sufficiently unlike this case in the essential facts, as to afford no reliable guidance to the decision of this motion.

The plaintiffs' motion to add sundry parties plaintiff is granted; the plaintiffs' motion to stay further proceedings in the cases pending in the Federal Courts in North Carolina is granted.

Settle order.