**SOLENOID DEVICES, INC., Appellant,**

v.

**LEDEX, INC., Appellee.**

**No. 20230.**

United States Court of Appeals
Ninth Circuit.

April 4, 1967.

William H. Pavitt, Jr., Charles H. Schwartz, Smyth, Roston & Pavitt, Los Angeles, Cal., for appellant.

Guy Porter Smith, Miketta, Glenny, Poms & Smith, Los Angeles, Cal., H. Talman Dybvig, Dybvig & Dybvig, Dayton, Ohio, for appellee.

Before CHAMBERS and JERTBERG, Circuit Judges, and THOMPSON, District Judge.

CHAMBERS, Circuit Judge:

Solenoid filed a complaint for a declaratory judgment under 28 U.S.C. § 2201.

Solenoid Devices manufactures and sells a rotary solenoid, an electric magnetic device. Ledex, Inc., as owner of a solenoid patent contends the product of Solenoid Devices infringes its patent. But here, in the vernacular, the record indicates that the dispute has gone no further than the "jawbone" stage which occurred during negotiations by Ledex to buy assets of Solenoid.

Upon receipt of the plaintiff's complaint, without waiting for an answer, the district court entered an order of dismissal. Then Solenoid Devices moved for a hearing and got it. After the hearing the district court affirmed its previous order, resting it upon "no real controversy" and upon its power to refuse to take a declaratory action. Upon this appeal, we affirm.

28 U.S.C. § 2201 reads as follows:

"In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

■ Of course, there must be an actual controversy to get subject matter jurisdiction. Here that would probably mean a controversy appropriate for decision, not a question of naked power such as would be involved in a federal court attempting to grant a divorce.

■ The banter between the parties, short of a threat to file a suit or harassing or threatening to harass the trade (the purchasers of the devices), goes far to undercut the requisites of an actual controversy. It would appear to us that this situation of having only a business argument justified the court in rejecting the complaint. In the federal declaratory judgment cases, the word "may" has never been held to uniformly mean "shall." Of course, there are cases where the district court can abuse its discretion in refusing to entertain a declaratory action. We find this not to be one.

We bottom our decision on our reading of Aetna Life Ins. Co. of Hartford, Conn., v. Haworth, 300 U.S. 227, 57 S. Ct. 461, 81 L.Ed. 617; Maryland Casualty Co. v. Pacific Coal and Oil Company, 312 U.S. 270, 61 S.Ct. 510, 85 L. Ed. 826, Great Lakes Dredge and Dock Co. v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407; and Dr. Beck & Co., G.M.B.H. v. General Electric Co., 2 Cir., 317 F.2d 538.

■■ Under ordinary circumstances, plaintiffs should be permitted to amend their complaints. But in its motion for reconsideration, Solenoid Devices really bared its soul in setting forth the nature of the disagreement. It may be presumed that in view of the extent of its disclosure that it fully set forth what it had. Thus, on the facts here we see no abuse in refusing to permit amendment of the complaint.

The orders of the district court are affirmed.