**METHODE ELECTRONICS, INC.,**
**Plaintiff-Appellee,**

v.

**ELCO CORPORATION and Benjamin Fox, Defendants-Appellants.**

**No. 15861.**

United States Court of Appeals Third Circuit.

Argued Nov. 28, 1966.

Decided Oct. 6, 1967.

Alan H. Bernstein, Caesar, Rivise, Bernstein & Cohen, Philadelphia, Pa., for appellants (Nathan Lavine, of Adelman & Lavine, Philadelphia, Pa., A. D. Caesar, Stanley H. Cohen, Manny Pokotilow, of Caesar, Rivise, Bernstein & Cohen, Philadelphia, Pa., on the brief).

Solon B. Kemon, Kemon, Palmer, Stewart & Estabrook, Washington, D. C., for appellee (W. Scott Railton, Washington, D. C., Henry T. Reath, John L. Harrison, Jr., Duane, Morris & Heckscher, Philadelphia, Pa., on the brief).

Before SMITH, FREEDMAN and SEITZ, Circuit Judges.

## OPINION OF THE COURT

WILLIAM F. SMITH, Circuit Judge.

The plaintiff in this action sought a declaratory judgment that Claim 4 of Reissue Patent No. 23,547 and Design Patent No. 173,694 were invalid and not infringed. The defendants counterclaimed for damages and the usual injunctive relief. On a motion, filed by the plaintiff under Fed.Rules Civ.Proc. rule 56 (a), 28 U.S.C.A., the court below held the patents invalid and entered summary judgment accordingly. This appeal followed.

Although issues of patent validity are not often disposed of by way of summary judgment this vehicle is appropriate when there is no genuine issue of material fact and only legal questions are to be resolved. Ronel Corporation v. Anchor Lock of Florida, Inc., 325 F.2d 889, 890 (5th Cir. 1963), cert. denied, 377 U.S. 924, 84 S.Ct. 1221, 12 L.Ed.2d 216; Fromberg, Inc. v. Gross Manufac-

turing Company, 328 F.2d 803 (9th Cir. 1964); Vermont Structural Slate Co. v. Tatko Bros. Slate Co., 233 F.2d 9 (2nd Cir. 1956), cert. denied, 352 U.S. 917, 77 S.Ct. 216, 1 L.Ed.2d 123. This is clearly such a case.

CLAIM 4 of REISSUE PATENT NO. 23,547

Reissue Patent No. 23,547, dated September 9, 1952 pertains to a "quick detachable connector" (Fox connector) for which a patent was originally issued March 28, 1950, on an application filed May 15, 1946. Claim 4 reads as follows:

> A quick detachable electrical connector comprising a pair of connectable parts each including a bifurcated contact member having spacer legs at one end, said legs tapering inwardly from the body portions thereof in a direction toward the facing surfaces are of smaller transverse dimension than said body portions, the tapers on said legs providing contacting surfaces for said contact members, *said contact members being disposed in planes normal to each other* and in opposed relation whereby said contact members may be brought into mating relation with each other and with their said contacting surfaces in engagement with each other, and the legs of each of said contact members being spaced from one another a distance such that said legs are engaged under tension. (Emphasis supplied.)

The district court held this claim invalid under 35 U.S.C.A. § 102(b) because it describes a connector sold in the United States by the Burndy Corporation (Burndy connector) for more than one year prior to the date of application for the Fox patent. We are convinced, as was the district court, that the invention of the claim in suit was anticipated by the Burndy device.

The contact members on the Burndy connector are tubular in shape. The contact members on a sample of the Fox connector as well as those described in the specifications and drawings accompanying this patent disclose flat members. There appears to be no dispute between the parties that if claim 4 of Reissue Patent No. 23,547 describes or reads on the Burndy connector it is invalid. Appellants urge that claim 4, both on its face and when read in conjunction with the specifications and drawings accompanying the patent, describes only connectors having flat contact members. It is strongly urged that the language in claim 4, *"said contact members being disposed in planes normal to each other"* (Emphasis supplied.) can only apply to flat contact members because only such such members can be disposed in a plane.

The trial court in granting summary judgment found that on its face claim 4 could describe both flat and tubular contact members. The trial court refused to limit the claim by resort to the drawings and specifications because the claim was not ambiguous and further because the last paragraph of the specifications provides: "Although my invention has been described in considerable detail, such description is intended as being illustrative rather than limiting, since the invention may be variously embodied, and the scope of the invention is to be determined as claimed." We agree with the conclusions of the trial judge.

■ The validity of the reissue patent depends upon a construction of claim 4 and this is a question of law, not of fact. Cold Metal Process Company v. E. W. Bliss Company, 285 F.2d 231, 239 (6th Cir. 1960), cert. denied, 366 U.S. 911, 81 S.Ct. 1085, 6 L.Ed.2d 235; New Wrinkle, Inc. v. John L. Armitage & Co., 277 F.2d 409, 412 (3rd Cir. 1960); Vanderveer v. Erie Malleable Iron Company, 238 F.2d 510, 514 (3rd Cir. 1956), cert. denied, 353 U.S. 937, 77 S.Ct. 815, 1 L.Ed.2d 760; Minnesota Mining & Mfg. Co. v. Carborundum Co., 155 F.2d 746, 749 (3rd Cir. 1946). The meaning of words in a claim is not necessarily determined on the opinion of experts. Minnesota Mining & Mfg. Co. v. Carborundum Co., supra. It was thus appropriate for the district court to decide the validity of this patent on a motion for summary judgment.

■ We believe that on its face claim 4 describes the Burndy connectors and is therefore invalid. If the term plane in claim 4 were limited to its strict geometric sense it would apply to neither the Fox nor the Burndy connectors because a plane in this sense has no depth and is only two dimensional. Without attempting to define plane we believe that the tubular contact members of the Burndy connector may, without distortion, be described as disposed in a plane.

Our opinion that claim 4 reads on the Burndy connector is not changed by reading the claim in conjunction with the drawings and specifications accompanying the patent and with its file history. Although the drawings and specifications describe flat contact members our study convinces us that the essence of the claim invention is not dependent on flat contact members and that the inventor did not intend to exclude all but flat contact members. Rather, the details in the specifications in so far as they disclose flat contact members are merely illustrative and do not limit the claim. Neither have we found anything in the file history of the patent which would necessitate limiting the invention to a connector with flat contact members.

■ We are also of the opinion that even if defendant's narrow construction of claim 4 were accepted that the patent is nevertheless invalid. Patentability is dependent upon the presence of three conditions: novelty, utility, and nonobviousness. 35 U.S.C.A. §§ 101, 102, 103; Graham v. John Deere Co., 383 U.S. 1, 12, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). A careful analysis of the prior art convinces us that this patent has not met these criteria, particularly the requirement of non-obviousness.

DESIGN PATENT No. 173,694

■ This design patent is for a species of the "quick detachable connector" which was described in our discussion of Reissue Patent No. 23,547. De-

sign patents may be issued pursuant to section 171 of 35 U.S.C.A. for designs of articles of manufacture which are new, original, ornamental and "non-obvious to a person of ordinary skill in the art." R. M. Palmer Company v. Luden's Inc., 236 F.2d 496, 500 (3rd Cir. 1956). The focus in judging the validity of a design patent is primarily its appearance. "It is the appearance * * * that constitutes mainly * * * the contribution to the public which the law deems worthy of recompense." Gorham Mfg. Company v. White, 14 Wall. 511, 525, 81 U.S. 511, 525, 20 L.Ed. 731 (1872). If the design of the patent is dictated primarily by functional needs the patent is invalid. Bently v. Sunset House Distributing Corp., 359 F.2d 140, 145 (9th Cir. 1966). Day-Brite Lighting, Inc. v. Compco Corporation, 311 F.2d 26, 28 (7th Cir. 1962), reversed on other grounds, 376 U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669.

■ An examination of the deposition testimony of the patentee Fox requires the conclusion that the design of this patent is dictated primarily by functional considerations and for this reason is invalid. Based upon our examination of the patent we are also convinced that it does not meet the requirements for validity set forth in R. M. Palmer Company v. Luden's Inc., supra. Although appellants assert that there is a genuine issue of material fact on this latter point the record, including the affidavit of one Grabbe, does not contain sufficient material to overcome the invalidity which is apparent from an examination of the patent. The question of the validity of a patent is ultimately one of law. Graham v. John Deere Co., supra, 383 U.S. at 17, 86 S.Ct. 684. In the absence of any genuine issue of material fact it was proper for the district court to decide the validity of this design patent on a motion for summary judgment.

The judgment of the District Court will be affirmed.