DREW CHEMICAL COMPANY, 522 Fifth Avenue, New York, New York 10036, Appellant,

v.

HERCULES INCORPORATED, 380 Madison Avenue, New York, New York 10017, Appellee.

No. 149, Docket 32259.

United States Court of Appeals Second Circuit.

Argued Dec. 12, 1968.

Decided Feb. 24, 1969.

Before MOORE, FRIENDLY and KAUFMAN, Circuit Judges.

Joseph J. Previto, New York City (Holland, Armstrong, Wilke & Previto, New York City, Wayne L. Benedict, Washington, D. C., on the brief), for appellant.

Harold R. Medina, Jr., and George J. Wade, New York City (Cravath, Swaine & Moore, New York City, Bernard M. Borish, Wolf, Block, Schorr and Solis-Cohen, Philadelphia, Pa., Austin R. Miller, Paul & Paul, Philadelphia, Pa., on the brief), for appellee.

Before MOORE, SMITH and HAYS, Circuit Judges.

MOORE, Circuit Judge:

Drew Chemical Company (Drew), the plaintiff, appeals from an order of the United States District Court for the Southern District of New York in which the Court granted the motion, treated as one for summary judgment, of defendant Hercules Incorporated (Hercules), to dismiss Drew's declaratory judgment action for non-infringement and patent invalidity on the ground that the court had no subject matter jurisdiction since there was no "case of actual controversy."

Hercules is the owner by assignment of the Boylan United States Patent 3,076,768 [the Boylan I Patent], issued on February 5, 1960. This patent covers a "defoamer composition" comprised of certain water-insoluble organic liquids, a water-repellent silica and a spreading agent known as "surfactant," or soap. As described in the letters patent, this defoamer is "particularly useful for preventing or abating foam in aqueous systems" and can be commercially produced more cheaply than predecessors of comparable effectiveness.

Since the only issue before this court is whether a "case of actual controversy" exists, an exact understanding of the nature and uses of the patent is not required.

At the time Drew initiated this suit, defoamers of the type here involved were marketed by five competitors, including Nopco Chemical Co., United States Movidyn Corporation, Pennsalt Chemical Corporation, Hercules and Drew. Hercules had brought patent infringement suits against Nopco, Movidyn and Pennsalt prior to Drew's initiation of this declaratory judgment action.

Drew had first requested a license from Hercules under the Boylan I Patent in 1966. At various times following this request Hercules procured samples of Drew's defoamer product from Drew's customers but has not divulged whether it believes these samples infringe upon the Boylan I Patent. During this same period of time Drew met twice with Hercules to discuss the possibility of a license to apply the teachings of the Boylan I Patent. Hercules had previously made it clear that such a license would be granted under certain conditions. At each of these meetings Hercules' representatives were informed that it was Drew's position that Drew was not marketing and had never marketed a defoamer product covered by the Boylan I Patent. Drew, however, claims that Hercules, at one of these meetings, made oral representations that the patent had been violated.

In June, 1967, Drew itself offered to submit and did in fact submit to Hercules what it represented to be a typical sample of its product. Hercules then conducted tests to determine whether its patent rights were being infringed. Prior to the completion of these tests on the submitted sample Drew commenced this litigation. Shortly thereafter, when the tests were completed, Hercules found that the sample did not contain a surfactant, or soap, which caused spreading in the manner described by the Boylan I Patent and therefore concluded that the sample was not covered by the teachings

of the patent. Drew was so informed in writing.

As noted by the District Court, Drew admits the essentials of these facts. Notwithstanding this admission, Drew contends that there is an actual controversy proper for a declaratory judgment. We disagree.

■■ Pursuant to 28 U.S.C. § 2201, a federal court "may declare the rights and other legal relations of any interested party * * * in a case of actual controversy within its jurisdiction." Mere advisory opinions may not be rendered and if the affidavits submitted by the parties do not present a genuine issue of material fact, summary judgment may be granted. Methode Electronics, Inc. v. Elco Corp., 385 F.2d 138, 141 (3rd Cir. 1967); Vermont Structural Slate Co. v. Tatko Brothers Slate Co., 233 F.2d 9, 10–11 (2d Cir. 1956), Fed.R. Civ.P. 56(e). There are cases which hold that a declaratory judgment action is properly accepted in the courts when there is an actual expressed intention to sue. Henry L. Crowley & Co. v. Philips Laboratories, Inc., 104 F.Supp. 840, 842 (S.D.N.Y.1952). But here, as Hercules points out, there has been a formal concession that the patent was not infringed and that Hercules has no present intention to sue. Furthermore, there is no allegation of harassment or threats to harass Drew's customers—another common ground for a successful declaratory judgment action in patent cases. See Rhodes Pharmacal Co. v. Dolcin Corp., 91 F.Supp. 87, 88–89 (S.D.N.Y.1950).

Drew, in attempting to demonstrate to this court that Hercules did exhibit an intention to sue, stresses the fact that Hercules has sued Nopco, Movidyn and Pennsalt, the other competitors in the field. The inference Drew would have us draw is that it is certainly next in line, hence entitled to institute its own declaratory judgment suit. We are also reminded of the market samples taken by Hercules and the alleged oral hints of infringement by Drew. We are persuaded, however, that this behavior is better characterized not as a "threat to

sue" or actual controversy, but as a business argument. It has been said that the "banter between parties, short of a threat to file a suit or harassing or threatening to harass the trade * * * goes far to undercut the requisites of an actual controversy." Solenoid Devices, Inc. v. Ledex, Inc., 375 F.2d 444, 445 (9th Cir. 1967). Any suggestions made here by Hercules that Drew had infringed its Boylan I Patent were made in connection with Hercules' efforts to induce Drew to accept a license under the patent—an example of a business argument at the "jawbone" stage of negotiations. See 375 F.2d at 445. In any event, even if an argument could be made that the above events went beyond a business argument into the realm of a justiciable "threat to sue," Hercules' subsequent admission of non-infringement with respect to the submitted sample ended that controversy.

Hercules' position that there is no actual controversy here is bolstered by Hartford National Bank & Trust Co. v. Henry L. Crowley & Co., 219 F.2d 568, 570–571 (3rd Cir. 1955), in which the court dismissed that part of the complaint which sought a declaratory judgment, noting that the fear of one party that it might sometime be sued for patent infringement was merely conjectural and not appropriate for declaratory relief. And in Research Electronics & Devices Co. v. Neptune Meter Co., 156 F. Supp. 484 (S.D.N.Y.1957), aff'd per curiam, 264 F.2d 246 (2d Cir. 1959) the defendant, having been sued for patent infringement, asked for a declaratory judgment that certain of plaintiff's other patents were invalid. Despite the fact that plaintiff had stated that it believed defendant may have violated these other patents, the District Court granted plaintiff's motion to dismiss the counterclaim on the ground that there was no justiciable controversy.

Drew relies on two cases, the first of which, Chicago Metallic Mfg. Co. v. Edward Katzinger Co., 123 F.2d 518 (7th Cir. 1941) merely reminds us that the court must accept as true all of the alle-

gations of the complaint. The second case, although more apposite, is distinguishable. In that case, United Aircraft Corporation v. Giannini Controls Corp., 156 USPQ 557 (S.D.N.Y. Dec. 20, 1967), the defendant began negotiations by offering a license to plaintiff. Later defendant sent letters to plaintiff, alleging that plaintiff's recent activities amounted to infringement and pointing out that they, defendants, had already initiated one suit against another company. In denying defendant's motion to dismiss for lack of controversy, the court observed that defendant had made it clear to plaintiff that it "meant business" and would proceed directly to a suit if plaintiff did not cease the alleged improper activities. Here, by way of contrast, Drew initially requested the license, and received no corresponding threatening letters from Hercules, which quite to the contrary stated that in its opinion, Drew had not infringed the Boylan I Patent.

We conclude that Judge Murphy properly dismissed Drew's declaratory judgment suit for lack of justiciable controversy. Public Affairs Associates, Inc. v. Rickover, 369 U.S. 111, 112, 82 S.Ct. 580, 7 L.Ed.2d 604 (1962) (Per Curiam).

Affirmed.