PHILLIPS PLASTICS CORPORATION,
Plaintiff–Appellant,

v.

KATO HATSUJOU KABUSHIKI
KAISHA, Defendant–
Appellee.

No. 93–1530.

United States Court of Appeals,
Federal Circuit.

June 15, 1995.

David K. Tellekson, Merchant & Gould, Minneapolis, MN, argued for plaintiff-appellant. Alan G. Carlson, Philip P. Caspers and Theodore R. Plunkett, Merchant, Gould, Smith, Edell, Welter and Schmidt, P.A., Minneapolis, MN, were on the brief for plaintiff-appellant. Of counsel was James E. Garvey.

Nicholas J. Seay, Quarles & Brady, Madison, WI, argued for defendant-appellee. With him on the brief were Donald K. Schott and Anthony A. Tomaselli.

Before NEWMAN, PLAGER, and CLEVENGER, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

The district court dismissed this declaratory action for absence of a justiciable controversy. On review of the premises, we conclude that the district court's ruling shall be affirmed.[1]

### Background

The patentee Kato Hatsujou K.K., a company of Japan, acting through counsel, contacted Phillips Plastics Corporation in October of 1987, stating that certain fasteners made by Phillips Plastics were "covered by" Kato's United States Patent No. 4,311,421, and inviting Phillips Plastics to take a license under the patent. Phillips Plastics responded that the Kato patent was invalid in view of a certain prior patent that it identified. Communications appear to have stopped, and in 1989 Phillips Plastics learned that Kato had filed an application to reissue its patent. Phillips Plastics then participated in the reissue procedure as a protester, citing several additional patents as prior art against the Kato patent. The Kato patent was reissued on January 28, 1992 as Re. 33,809.

In June 1992 Kato's attorney wrote to Phillips Plastics, enclosing a copy of the reissued patent and again offering a license, "assuming that an appropriate agreement can be reached concerning the terms of the license." By this time Phillips Plastics had sold its fastener business to Illinois Tool Works, but had entered into an indemnification agreement with respect to patent infringement. There were correspondence or conversations involving Illinois Tool Works, Kato, and Phillips Plastics, and a letter from Kato in September 1992 which reports Kato's telephone request to Phillips Plastics for sales and pricing information, described by Kato in its brief as needed in order to "put together a reasonable offer of a licensing proposal." Phillips Plastics did not respond to this request. In December 1992 Phillips Plastics filed this action for declaratory judgment of invalidity and/or noninfringement of the reissued patent.

Applying the analytic criteria established in Federal Circuit precedent, the district court held that Kato had not charged Phillips Plastics with patent infringement, referring specifically to the "covered by" text, in Kato's letter of October 1987, as not being a charge of infringement. The district court concluded that the attempted license negotiations and other circumstances, taken together, were insufficient to establish in Phillips Plastics a reasonable apprehension of suit.

### Discussion

#### A

The declaratory judgment act authorizes a court to declare the rights of an interested party in a case of actual controversy:

**28 U.S.C. § 2201.**

(a) In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

For declaratory justiciability there must be both "(1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity." *BP Chemicals, Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 978, 28 USPQ2d 1124, 1126 (Fed. Cir.1993). *See also, e.g., Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 736, 6 USPQ2d 1685, 1689 (Fed.Cir.1988); *Jervis B. Webb Co. v. Southern Sys., Inc.*, 742 F.2d 1388, 1398–99, 222 USPQ 943, 949 (Fed.Cir.1984).

Kato states that it carefully refrained from threatening Phillips Plastics with suit, either expressly or implicitly, as it attempted to open license negotiations after successful

---

1. *Phillips Plastics Corp. v. Kato Hatsujou Kabushiki Kaisha,* No. 92–C–0940–C (W.D.Wis. Jul. 20, 1993).

completion of the reissue procedure. Kato agrees that it stated the position that Phillips Plastics or Illinois Tool Works needs a license in order to make certain fasteners, but that it did not threaten suit or exhibit impatience with the progress of the negotiations. Kato argues that its conduct did not lead Phillips Plastics reasonably to fear a lawsuit, and that this court's precedent has so held in similar situations.

Phillips Plastics responds that there was an actual controversy between it and Kato, because if Phillips Plastics or Illinois Tool Works were to continue to operate under these circumstances of actual notice of the Kato reissue patent, its liability could potentially increase. *See Avia Group International, Inc. v. L.A. Gear California, Inc.,* 853 F.2d 1557, 1566–67, 7 USPQ2d 1548, 1556 (Fed.Cir.1988) (considering as evidence of willful infringement the continuation of operations after formal notice of the adverse patent). Phillips Plastics also states that although it had an opinion of counsel that its fasteners did not infringe the Kato patent, it was justifiably concerned about the uncertainties of litigation and the possibility of being sued in an inconvenient forum.

*B*

■ The purpose of the declaratory action is to permit a threatened party to resolve its potential liability, but only when the relationship has progressed to an actual controversy, as required by Article III of the Constitution. Although access to declaratory procedures in patent cases does not necessarily require an explicit threat of suit, to create an actual controversy there must be more than ongoing license negotiations. There must be action by the patent holder sufficient to create an objectively reasonable apprehension that suit will be brought against the declaratory plaintiff. *See Indium Corp. v. Semi–Alloys, Inc.,* 781 F.2d 879, 883, 228 USPQ 845, 848 (Fed.Cir.1985) ("The test is an objective one—reasonable apprehension ... must exist at the time suit is filed. A purely subjective apprehension of an infringement suit is insufficient to satisfy the actual controversy requirement.") (cita-

tion omitted), *cert. denied,* 479 U.S. 820, 107 S.Ct. 84, 93 L.Ed.2d 37 (1986).

■ Phillips Plastics argues that one who may become liable for infringement should not be subject to manipulation by a patentee who uses careful phrases in order to avoid explicit threats, thus denying recourse to the courts while damages accrue. We agree. Indeed, the purpose of the Declaratory Judgment Act is to enable those threatened to remove such a cloud on their commercial activity, instead of being obliged to await the convenience of the threatening party. *See Arrowhead,* 846 F.2d at 734–35, 6 USPQ2d at 1688. Thus it is appropriate to consider the commercial impact when the accused infringement is ongoing. While the practical effect of denying access to the courts is the concern of the Declaratory Judgment Act, there must still be a case of actual controversy.

■ The offer of a patent license does not create an actual controversy. In this case there was no question that a license was available to Phillips Plastics and Illinois Tool Works, if such were needed. Phillips Plastics or Illinois Tool Works was not risking a shutdown of its business. License terms were yet to be discussed. When there are proposed or ongoing license negotiations, a litigation controversy normally does not arise until the negotiations have broken down.

Phillips Plastics argues that license negotiations had indeed broken down. We take note that Phillips Plastics did not so advise Kato, but filed suit instead of responding to Kato's request for data on which to base a license proposal. Although Phillips Plastics is correct that a patentee should not be permitted to stall or refrain from taking legal action, to the continuing disadvantage of the accused infringer, we do not discern such behavior on Kato's part. There is no suggestion that the interests of Kato were "served by delay in taking legal action." *BP Chemicals, Ltd. v. Union Carbide Corp.,* 4 F.3d 975, 977, 28 USPQ2d 1124, 1126 (Fed.Cir. 1993). Kato was seeking a commercial, not a judicial, remedy.

■ The "reasonable apprehension of suit" test requires more than the nervous state of

mind of a possible infringer; it requires that the objective circumstances support such an apprehension. Unlike the facts in *Océ–Office Systems, Inc. v. Eastman Kodak Co.,* 805 F.Supp. 642, 647, 25 USPQ2d 1370, 1374 (N.D.Ill.1992) for example, neither party had terminated "fruitless" license discussions. In *Shell Oil v. Amoco,* 970 F.2d 885, 889, 23 USPQ2d 1627, 1630–31 (Fed.Cir.1992), the patentee's statement that it intended to enforce the patent was held not to create a reasonable apprehension of suit in the circumstances of that case, despite the patentee's statements that the alleged infringer's activities "fall within," are "covered by," and are "operations under" the patent.

Although the requirement that the declaratory plaintiff be under a reasonable apprehension of suit does not require that the patentee be known to be poised on the courthouse steps, a patentee's attempt to conduct license negotiations is a commercial activity. Kato's activity was not a threat of suit, and did not create a justiciable controversy.

*AFFIRMED*