**Michelle SAFARIAN**

v.

**MASERATI NORTH AMERICA, INC.**

**Case No. SACV 08–0355 DOC (RNBx).**

United States District Court,
C.D. California.

June 11, 2008.

---

Martin W. Anderson, Anderson Law Firm, Santa Ana, CA, Lucy Kasparian, Glendale, CA, for Plaintiff.

Richard L. Stuhlbarg, Michael Christopher Foley, Bowman & Brooke, Gardena, CA, for Defendant.

## PROCEEDING (IN CHAMBERS): DENYING MOTION FOR INTRADISTRICT TRANSFER

DAVID O. CARTER, District Judge.

Before the Court is Defendant Maserati North America, Inc.'s ("Maserati") Motion for an Intradistrict Transfer For Improper Division or Convenience under 28 U.S.C. 1404. The Court finds the matter appropriate for decision without oral argument. Fed.R.Civ.P. 78; Local R. 7–15. After considering the moving, opposing and replying papers, the Court hereby DENIES Defendant's Motion.

On December 21, 2006, Plaintiff Michelle Safarian ("Safarian") purchased a 2006 Maserati 3200GT from Keyes European in Van Nuys, California. Plaintiff resides in Burbank, California. Defendant has three other dealerships in and around Los Angeles, Maserati of Pasadena, Maserati of Beverly Hills and The Auto Gallery.

Plaintiff claims that the vehicle has a number of defects that entitle her to a refund of the purchase price, $122,442.60.

She originally sued in the Los Angeles Superior Court. Her attorney, Lucy Kasparian ("Kasparian"), has her office in Glendale, California. However, after filing the state suit Kasparian then associated Martin W. Anderson of the Anderson Law Firm. The Anderson Law Firm has its offices in Santa Ana, California. Plaintiff then filed the present suit and had it assigned to the Southern Division rather than the Western Division.

Defendant moved to transfer the case because: a) the action was improperly assigned to the Southern Division under General Order No. 98–03; and b) the convenience of witnesses and parties under 28 U.S.C. § 1404 favors transfer.

### A. Assignment to the Southern Division Was Proper Under General Order No. 98–03

██ General Order No. 98–03 provides for assignment to the Southern Division in three circumstances:

a) a majority of all plaintiffs reside in the Southern Division or in a place outside the remainder of the Central District with an equal number deemed to be a Southern Division majority;

b) the majority of all named defendants reside in the Southern Division or in a place outside the remainder of the Central District with an equal number deemed to be a Southern Division majority; or

c) the majority of all claims arose in the Southern Division or in a place outside the remainder of the Central District with an equal number deemed to be a Southern Division majority

It is clear that Plaintiff does not reside in the Southern Division, therefore (a) does not apply. Likewise the claims at issue arose from Plaintiff's purchase of the vehicle. Plaintiff purchased the car in Van Nuys, California, therefore (c) does not apply.

However, the named defendant in this action is a corporation. As such, it is deemed to reside in all judicial districts

where it is subject to personal jurisdiction. 28 U.S.C. § 1391(c). Defendant does not dispute that its two dealerships in Orange County cause it to be a resident of this county. Instead, it contends that because it is also has more dealerships in other districts within California, that no "majority" of its dealerships exists in this jurisdiction.

This is a misinterpretation of the General Order. Maserati is a single defendant and a "resident" of the Southern Division for venue purposes. Therefore, (b) above is satisfied, and assignment to the Southern Division was proper.

### B. Convenience Transfer under 28 U.S.C. § 1404

■ A district court may discretionarily transfer a case where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In ruling on a motion to transfer pursuant to § 1404(a), the Court must evaluate three elements: (1) convenience of the parties; (2) convenience of the witnesses; and (3) interests of justice. *Guthy–Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.,* 179 F.R.D. 264, 269 (C.D.Cal.1998). Once the court determines that venue is proper, the movant must present strong grounds for transferring the action, otherwise, the plaintiff's choice of venue will not be disturbed. *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir.1986).

■ A plaintiff's choice of forum is accorded substantial weight in proceedings under 28 U.S.C. section 1404(a). *STX, Inc. v. Trik Stik, Inc.,* 708 F.Supp. 1551, 1555–56 (N.D.Cal.1988) (citing *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir.1970)); *see also* 15 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2D § 3848 (2d ed. 1986) (citing voluminous caselaw attesting to propo-

sition that "the balance of convenience must be strongly in favor of the moving party before a transfer will be ordered"). Thus, a transfer is not appropriate merely to shift the inconvenience from one party to another. *See Van Dusen v. Barrack,* 376 U.S. 612, 646, 84 S.Ct. 805, 824, 11 L.Ed.2d 945 (1964); *Plasco Inc. v. Auten,* No. CV C95–20146 SW, 1995 WL 354870, at *6 (N.D.Cal. June 7, 1995). While there is a preference to retain the action in the division of plaintiff's choice, a defendant can overcome this by a strong showing that transfer will "prevent the waste of 'time, energy, and money' and 'protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Lung v. Yachts Int'l, Ltd.,* 980 F.Supp. 1362, 1369 (D.Haw.1997) (quoting *Van Dusen,* 376 U.S. at 616, 84 S.Ct. at 809).

■ Despite Defendant's claims, this is not a case of "forum shopping" that would discount the importance of Plaintiff's choice of forum. *See Clayton v. Warlick,* 232 F.2d 699, 706 (4th Cir.1956) ("We have no sympathy with shopping around for forums.") It does not seem that Plaintiff is attempting to find a forum that will give her favorable rulings. Instead, it appears that Plaintiff brought this case to the Southern Division because counsel's offices are here. Thus, Plaintiff's choice of forum is given substantial deference.

■ In the present case, Defendant conducts business in this Division. Defendant contends that it does more of its business in the Western Division than the Southern Division. However, it identified two dealerships in the Southern Division and only three dealerships in the Western Division. This suggests that the disparity of its business between Western and Southern divisions is not significant enough to warrant transfer despite Plaintiff's choice of venue. It has also not submitted any evidence to

indicate how much more business it does in the Southern Division than the Western Division.

Plaintiff lives in the Western Division. However, the fact that she filed suit in the Southern Division strongly suggests that this forum is more convenient for her. Additionally, she has counsel in the Southern Division and the Western Division. This suggest that she will not be inconvenienced by having the case heard in either division.

A number of potential witnesses exist in the Western Division. Because the transaction at issue—i.e. the purchase of the vehicle—took place in the Western Division, those witnesses that observed the sale of the vehicle are likely located in that area. Additionally, Safarian took the vehicle to be repaired at two facilities in the Los Angeles area. Those people that worked on the vehicle likely live in the Western Division.

However, Safarian recently took the vehicle to a repair facility in Orange County. Therefore, the people who worked on the car at that time are likely in this Division. Whether she brought the car to the Southern Division to manufacture witnesses in order to avoid transfer is immaterial. The fact remains that witnesses with knowledge of the defects in the vehicle exist in the Southern Division. Although there may be more witnesses in the Western Division, the convenience of all witnesses does not strongly favor transfer.

Because this Division is only a modest distance from the Western Division, the convenience of the parties and witnesses does not strongly favor one Division over the other. The Court cannot simply transfer the burden of litigation from Defendant to Plaintiff.

Accordingly, Defendant's Motion is hereby DENIED.

The Clerk shall serve this minute order on all parties to the action.